IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| ALIEN TECHNOLOGY CORP., a Delaware corporation,<br><br>                  Plaintiff,<br><br>                  v.<br><br>INTERMEC, INC., a Delaware corporation, INTERMEC TECHNOLOGIES CORP., a Delaware corporation, and INTERMEC IP CORP., a Delaware corporation,<br><br>                  Defendants. | Civil Action No. 3:06-CV-51<br><br>Judge Rodney S. Webb<br><br>Magistrate Judge Karen K. Klein |

**DEFENDANTS' RULE 7.1(B)(1) STATEMENT OF MATERIAL FACTS
IN SUPPORT OF THEIR OF THEIR MOTION TO DISMISS**

Pursuant to Local Rule 7.1(B)(1), Defendants' Intermec, Inc., Intermec Technologies Corp., and Intermec IP Corp. submit the following concise statement of facts

    1.    Plaintiff, Alien, is incorporated in the state of Delaware and has its principal place of business in Morgan Hill, California. First Amended Complaint for Declaratory Judgment ("Am. Compl."), attached to the Declaration of David Becker ("Becker Decl.") as Exhibit A, at ¶ 2.

    2.    Alien "is a manufacturer of Radio Frequency Identification ("RFID") products…" *Id.*

    3.    Defendants, Intermec, Inc. ("Intermec") and Intermec IP Corp. ("IIP") are incorporated under the laws of Delaware. Declaration of Kenneth Cohen ("Cohen Decl."), attached to Becker Decl. at Exhibit B, at ¶¶ 8, 15.

    4.    Intermec Technologies Corp. ("ITC") is incorporated under the laws of Washington. Cohen Decl. at ¶ 22.

5. Intermec and ITC are headquartered in Everett Washington and Intermec IP is headquartered in Henderson, Nevada. Cohen Decl.. at ¶¶ 8, 15, 22.

6. Intermec is a holding company. Cohen Decl.. at ¶ 9.

7. Intermec does not manufacture or sell any products or sell any services. Cohen Decl. at ¶ 9.

8. Intermec does not have any customers in North Dakota or elsewhere. Cohen Decl. at ¶¶ 9, 10.

9. Intermec has no offices or employees located in North Dakota and does not own any assets in North Dakota. Cohen Decl. at ¶¶ 9-11.

10. Intermec has never paid taxes in the State of North Dakota and has never filed suit in that state. Cohen Decl. at ¶¶ 13, 14.

11. IIP is a wholly-owned subsidiary of ITC and the sole owner of the RFID patents-in-suit. Cohen Decl. at ¶¶ 16, 22.

12. IIP's sole business is to own patents, enforce them, and collect royalties. Cohen Decl. at ¶ 16.

13. IIP has no offices or employees in North Dakota and it has never paid taxes or filed suit in that state. Cohen Decl. at ¶¶ 18, 20, 21.

14. ITC is a wholly-owned subsidiary of Intermec. Cohen Decl. at ¶ 23.

15. ITC manufactures and sells automated identification and data collection ("AIDC") products, systems and related services, including RFID products, systems and services. See Cohen Decl. at ¶ 23.

16. ITC does not manufacture any products in North Dakota; it has no offices or employees and that state; it does not own any assets located in that states; and it never paid taxes or filed suit in that state. Cohen Decl. at ¶¶ 24, 25, 27, 30.

17. In its most recent fiscal year (2005), ITC sold products into and provided services elsewhere for entities in North Dakota of less than $270,000, or .0571 percent of Intermec's total United States sales of $472,670,567 ($182,000 of these sales were to one customer and were largely for services provided outside the state). Cohen Decl. at ¶ 28.

18. None of the sales in North Dakota were of products based on RFID technology. Cohen Decl. at ¶ 29.

19. During the Intermec analyst call of May 8, 2006 Intermec's Senior Vice President, Steve Winter, was asked the following question and gave the following answer:

**Question**

\*   \*   \*

One question on RFID and royalty revenues on a go-forward basis. You have a number of non-licensed companies out there selling products, some of which are winning large size contracts,. How long can you wait before needing to step in and enforce the Rapid Start program?

**Answer**

\*   \*   \*

It's obviously disappointing if any customer were to do business with a supplier that is not licensed. But you know, we have consistently stated we will be pursuing infringers. We are putting together cases. We are looking at those who are most disruptive to the industry right now. And basically, preparations are underway with respect to unlicensed suppliers like Alien and others. And we expect those enforcement actions by the end of the year, or within this year.

Transcript of the Intermec, Inc. Earning Conference Call, Dated May 8, 2006 ("Earnings Call Tr."), attached to Becker Decl. as Exhibit C, at pp. 11-12.

20.   Later in the call in response to another question Intermec's Chairman and Chief Executive Officer, Larry Brady added:

**Question**

In terms of the fact that you mentioned on this call that you might be taking some legal action against folks that have not been signed up so far for Rapid Start at some point during the year, could you give us some color as to what potential impact on your SG&A line could be of taking such action, or whether similar to the (indiscernible) settlements you might have it not impacting you expense line in the near-term?

**Answer**

\*   \*   \*

I think given the circumstances that we are currently looking at – that is, the amazing propensity of people to take business well below cost, and the amazing publicity which such actions receive – that we are apt to move in advance of where we would have originally intended. And indeed, the limitation on when we will take action now is more related to just the [wickets] that we have to go through – that is, (indiscernible) product, and disassemble the product and understand that infringement is occurring. Because we've got a certain obligation, before we can just go out and willy nilly start filing lawsuits, to demonstrate that there's a cause of action. So that is the path that we are currently on.

Earnings Call Tr. at pp. 15-16.

21.   The statements of Mr. Winter and Mr. Brady were made in the State of Washington. Cohen Decl. at ¶ 7.

22.   As of June 1, 2006 these are the only public statements of which Defendants are aware that were made by any of the Defendants concerning investigating a possible suit for patent infringement against Alien. Cohen Decl. at ¶ 7.

23.   On June 1, 2006 Alien filed a Complaint in the United States District Court for the District of North Dakota seeking a declaratory judgment that its products do not infringe the patents in suit. Alien's Complaint for Declaratory Judgment, attached to Becker Decl. at Ex. D, at 1.

24.     Alien's Complaint does not indicate which Alien products are being accused of infringement by Defendants. *See generally* Am. Compl.

25.     The Complaint does not include any allegation that Intermec has accused Alien of infringing the specific patents in suit. *See generally* Am. Compl.

26.     On June 16, 2006, Alien filed an Amended Complaint which is identical to its original complaint except for the addition of ITC as a defendant. *See* Am. Compl.

Respectfully Submitted,

INTERMEC, INC., INTERMEC TECHOLOGIES CORP., and INTERMEC IP CORP.

By: s/ Ronald H. McLean
One of Its Attorneys

Carson P. Veach
David S. Becker
FREEBORN & PETERS LLP
311 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
(312) 360-6000 phone
(312) 360-6595 fax

*Of Counsel:*
Ronald H. McLean
Jane L. Dynes
SERKLAND LAW FIRM
10 Roberts Street
P.O. Box 6017
Fargo, ND 58108-6017
(701) 232-8957 phone
(701) 237-4049 fax

Dated: June 29, 2006