IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

```
ALIEN TECHNOLOGY CORPORATION,   )
                                )
                    Plaintiff,  )
v.                              )       Case No. 3:06-cv-51
                                )
INTERMEC, INC., et al.,         )
                                )
                    Defendants. )
```

**ORDER**

The Defendants (collectively "Intermec") have filed two motions related to Alien Technology's experts.  First, Intermec has challenged the reports and opinions of Alien Technology's experts prepared for the upcoming Markman hearing under Daubert v. Merrill Dow Pharm., Inc., 509 U.S. 579 (1993) (doc. #403). Second, Intermec has asked the Court to reconsider Intermec's motion to disqualify Alfio Grasso from serving as an expert for the Plaintiff (doc. #428).  After considering both parties' arguments, both motions are **DENIED**.

First, the Court disagrees that Alien's expert opinions should be excluded under Daubert.  The Federal Circuit has held that expert opinion may be considered during claim construction as extrinsic evidence.  Phillips v. AWH Corp., 415 F.3d 1303, 1318 (Fed. Cir. 2005).  The court cautioned, however, against relying on those opinions for claim construction where they are contrary to the claims.  Id.  The Court understands Intermec is challenging the methodology employed by Alien's experts as an improper application of the law of claim construction.  See

1

generally id. (discussing the law of claim construction). However, the Court concludes the credibility of these opinions is a proper subject for argument at the Markman hearing, not exclusion under Daubert. The opinions have been conveyed only to the Court, which is capable of considering the weight they should be given under the prevailing Federal Circuit law. Therefore, Intermec's Daubert motion is **DENIED**.

Second, Intermec has asked the Court to reconsider its order denying Intermec's motion to disqualify Alfio Grasso from serving as an expert for Alien. It now argues Grasso's deposition testimony demonstrates that he has access to Intermec's confidential information. According to Intermec, Grasso had access to test results of some of its products and those test results were confidential. However, Grasso stated by affidavit that Intermec provided the test results to Grasso rather than sending them to an Australian regulator as directed. Furthermore, the test results were not marked as confidential. This evidence is insufficient to establish a confidential relationship between Grasso and Intermec. Therefore, Intermec's motion to reconsider is **DENIED**.

**IT IS SO ORDERED**, this 9th day of May, 2008.

RODNEY S. WEBB, District Judge
United States District Court