```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NORTH DAKOTA
                 SOUTHEASTERN DIVISION
```

ALIEN TECHNOLOGY CORPORATION,      )
                                   )
                 Plaintiff,        )
v.                                 )   Case No. 3:06-cv-51
                                   )
INTERMEC, INC., INTERMEC           )
TECHNOLOGIES CORPORATION,          )
and INTERMEC IP CORP.,             )
                                   )
                 Defendants.       )

## Claim 17 Order

Before the Court is Intermec's Motion to Reassert Claim 17 of U.S. Patent No. 6,821,852 (doc. #485).  During a July 16, 2008 conference, the Honorable Karen K. Klein, United States Magistrate Judge, stated that Claim 17 would be readmitted into the case provided no new claim construction would be required.  Accordingly, Intermec asserts it should be permitted to reassert Claim 17 because no new claim construction is required for the litigation of that claim.  In its response, Alien counters that a new <u>Markman</u> hearing would be required should the Court grant Intermec's motion (doc. 491).  As discussed below, the Court **DENIES** Intermec's motion.

**I.   CLAIM 17**

Claim 17 discloses the following:

A method to generate a sequence of commands that are broadcasted to one or more slaves, the method comprising the steps for:

a.   communicating one or more first commands that move zero or more of the slaves from a first state to a second state, the slaves moving from the first state to the second state satisfying a first primitive condition in

1

          each respective second command;

- b. communicating zero or more second commands that move one or more of the slaves from the second state to the first state, the slaves moving from the first state to the second state satisfying a primitive condition in each respective second command;

- c. repeating steps a and b one or more times;

- d. communicating a third command that moves the slaves in the second state into a third state.

'852 Patent at Claim 17.

## II.  CLAIM CONSTRUCTION

Intermec argues that all disputed claim terms in Claim 17 have been argued before the Court, and to the extent any claim term has not been previously construed, it is not likely to be disputed between the parties. According to Intermec, the remaining terms have such plain meaning that any lay person can understand them. Finally, Intermec argues that all of Alien's arguments revolve around invalidity, which does not require claim construction.

The Court agrees with Intermec that no new technical terms appear in Claim 17 to warrant another round of claim construction. However, the Court disagrees with Intermec's assessment of the remaining "plain meaning" terms. It is clear that there is a heavy presumption that plain meaning terms mean what they say and the words of a claim generally follow their customary meaning. SuperGuide Corp. v. DirecTV Enters, 358 F.3d 870, 874 (Fed. Cir. 2004). In that regard, the Court agrees that, for purposes of this motion, the remaining terms may be assumed to follow their ordinary meaning. However, contrary to

Intermec's position, that determination alone does not conclude the analysis of whether claim construction is needed in this case.

"The purpose of claim construction is to determine the meaning and scope of the patent claims asserted to be infringed." O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., 521 F.3d 1351, 1360 (Fed. Cir. 2008) (quotation omitted).  Claim terms are to be read not only in the context of the particular claim, but also in the context of the entire patent.  AquaTex Indus. v. Techniche Solutions, 419 F.3d 1374, 1380 (Fed. Cir. 2005).

In O2 Micro, the Federal Circuit Court of Appeals discussed whether a claim that contained the term "only if" needed to be construed by the court.  521 F.3d at 1356.  The defendants contended that claim construction was necessary and it was a question of law for the court to decide.  The plaintiffs countered that "only if" did not need to be construed because it was a plain term with a common meaning.  Id. at 1360.  Otherwise, the plaintiffs argued, trial courts would be inundated with requests to construe every word in every claim.  Id.

The Federal Circuit in O2 Micro held that "[w]hen the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute."  Id.  Thus, the Federal Circuit held that Markman required the district court to construe the claim term because, although the term was a common term with an ordinary meaning, the parties' dispute over the meaning of that common term was a

3

question of law.  <u>Id.</u> at 1361.  According to the court, "A determination that a claim term needs no construction or has the plain and ordinary meaning may be inadequate when . . . reliance on a term's ordinary meaning does not resolve the parties' dispute."  <u>Id.</u>

The Federal Circuit's analysis in <u>02 Micro</u> is pertinent to this case.  Intermec argues that Claim 17 needs no construction because the terms at issue have plain meaning.  While this may be true, it does not resolve the parties' proceeding dispute over Claim 17's scope.  Alien vehemently disagrees with Intermec's interpretation of Claim 17's scope and what the claim language protects.  <u>See, e.g.</u>, <u>Interactive Gift Express, Inc. v. Compuserve Inc.</u>, 256 F.3d 1323, 1342-45 (Fed. Cir. 2001) (discussing whether the steps of a method claim must be performed in the order in which they are written) ; <u>Altiris, Inc. v. Symantec Corp.</u>, 318 F.3d 1363, 1369-71 (Fed. Cir. 2003) (same). If the Court were to allow Claim 17 to be reasserted with no further action, the jury could be left to determine an issue of law - the proper scope of the claim language.  The Court refuses to improperly submit these legal arguments to the jury.  Rather, the Court follows the Federal Circuit's direction in <u>02 Micro</u> by observing its duty to resolve the parties' fundamental dispute regarding the scope of Claim 17.  521 F.3d at 1362-63.

Finally, Intermec's assertion that Alien only makes invalidity arguments does not hold merit.  The Federal Circuit has held numerous times that "a claim must be construed before

determining its validity just as it is first construed before deciding infringement." State Contr. & Eng'g Corp. v. Condotte Am., Inc., 346 F.3d 1057, 1067 (Fed. Cir. 2003). The Court, however, does not find it necessary to engage in an invalidity analysis at this time, because Alien's arguments concern the correct interpretation of Claim 17, coupled with its confusion over Intermec's current construction of the claim scope. This dispute necessitates a further Markman hearing, as discussed above, and thus Intermec's invalidity argument is irrelevant at this time.

The Court agrees with Alien that, to allow readmission of Claim 17 at this time would serve a great prejudice upon Alien in pursuing its case. Intermec had the opportunity to assert the claim during the initial Markman hearing in May 2008. Furthermore, Claim 17 was asserted initially in this case, and only upon Intermec's voluntary withdrawal did the Claim become irrelevant. The Court strives to promote efficient administration of justice and adhere as closely as possible to its scheduling order. Considering these ideals and its duties to determine legal issues, as discussed above, the Court **DENIES** Intermec's Motion to Reassert Claim 17.

**IT IS SO ORDERED,** this 5th day of November, 2008.

*[signature]*
RODNEY S. WEBB, District Judge
United States District Court