IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| ALIEN TECHNOLOGY CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| v.                                ) | Case No. 3:06-cv-51 |
| ) | |
| INTERMEC, INC., INTERMEC         ) | |
| TECHNOLOGIES CORPORATION,        ) | |
| and INTERMEC IP CORP.,           ) | |
| ) | |
| Defendants.      ) | |

**ORDER ON MOTIONS RELATING TO VALIDITY FOR PATENTS DETERMINED TO BE NON-INFRINGING**

The Court granted summary judgment of non-infringement for patents '222, '318, '852, and '181 (Docs. #803, 804, and 805). Pending before the Court are motions relating to the validity of these patents (Docs. #526, 527, 541, 543, 547, and 553).

The Court of Appeals for the Federal Circuit has held that a district court has the discretion to decide the validity of patents found to be non-infringing. WMN Holdings, LLC v. United Parcel Serv., Inc., No. 08-cv-275, 2009 WL 2136961, *15 (W.D. Wisc. July 14, 2009) (citing Phonometrics, Inc. v. Northern Telecom Inc., 133 F.3d 1459, 1468 (Fed. Cir. 1998)). "It is appropriate for a district court to address only the infringement issue when non-infringement is clear and invalidity is not plainly evident." Id. (citations omitted).

In this case, while non-infringement of these patents is clear, it is far less clear whether these patents are invalid. An analysis of invalidity would require extensive discussion of

the prior art and combining several pieces of prior art in some instances for obviousness.  The Court finds it would be an unnecessary expenditure of judicial and party resources to explore the complex issues regarding validity in light of the Court's finding of non-infringement.  Because the motions for summary judgment on patents '222, '318, '852, and '181 were granted on the core issue of non-infringement on clear grounds and because the issues regarding validity are less certain, the Court exercises its discretionary authority and finds the motions regarding validity of these patents **MOOT**.[1]

**IT IS SO ORDERED.**

Dated this 24th day of September, 2009.

Ralph R. Erickson, District Judge
United States District Court

---

[1] If either party believes that the validity of these patents ought to be decided at this time and the Court should reconsider its ruling, the party must file a motion and brief why it is necessary for the Court to decide the issues within 14 days of the filing of this Order.

2