IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Alien Technology Corp., a Delaware corporation,<br><br>     Plaintiff,<br><br>vs.<br><br>Intermec, Inc., a Delaware corporation, Intermec Technologies Corporation, a Washington corporation, and Intermec IP Corp., a Delaware corporation,<br><br>     Defendants. | **MEMORANDUM OPINION AND ORDER ON INTERMEC'S MOTION FOR RECONSIDERATION**<br><br>Civil No. 3:06-cv-51 |

**INTRODUCTION AND PROCEDURAL BACKGROUND**

Before the Court is Defendants' (collectively hereafter "Intermec") Motion for Reconsideration of the Court's Claim Construction Order and Entry of Summary Judgment of Non-Infringement regarding U.S. Patent No. 5,030,807 (hereafter "'807 patent") (Doc. #907).

On June 27, 2008, this Court entered a Claim Construction Order (Doc. # 466) (hereafter "CC Order"). The Court thereafter, based in part on the CC Order, granted Plaintiff Alien Technology Corp.'s (hereafter "Alien") Motion for Partial Summary Judgment of Non-Infringement of the '807 patent (Doc. #793). Following an *ex parte* re-examination of the '807 patent before the United States Patent and Trademark Office (hereafter "USPTO"), Intermec seeks reconsideration of the CC Order and the Summary Judgment Order asserting that the guidance of the USPTO undermines the reasoning of the Court's previous orders. Alien has filed a brief in opposition (Docs. #908, 909).

1

**INTERMEC'S ARGUMENTS**

Intermec contends the Court should alter or amend its previous Order granting partial summary judgment of non-infringement and portions of the CC Order because the USPTO findings are "fundamentally incompatible" with these Orders (Doc. #908, p. 5). Intermec asserts that the Court and the USPTO should use the same standards when construing the claims, and that the Court should defer to the USPTO's expertise as expressed in the reconsideration. As a result, the Court should adopt the USPTO's construction of the claims.

**SUMMARY OF DECISION**

Intermec has failed to meet the high standard of demonstrating a "manifest error of law or fact" to warrant reconsideration of the Court's previous Orders. Intermec has also failed to act with due diligence, rendering reconsideration inappropriate. Intermec's Motion for Reconsideration is DENIED.

**FACTUAL BACKGROUND**

This is an action seeking a declaration of non-infringement and invalidity of several patents, including the '807 patent owned by Intermec (Doc. # 1). The patents relate to radio frequency identification (hereafter "RFID") technology that uses communication by radio waves to exchange information between a terminal and a tagged object for identification and tracking. Alien is a manufacturer of RFID tags and owns a manufacturing plant in Fargo. Intermec is a company that owns a number of patents, including patents related to RFID technology. The '807 patent is a RFID patent owned by Intermec.

Intermec, after consolidation of this action with a Delaware case, answered Alien's complaint. Intermec also asserted a counterclaim for infringement of the '807 patent (Doc. # 110).

On April 25, 2007, an unnamed third party submitted a request to the USPTO for an *ex parte* re-examination of the '807 patent (Doc. # 909, Exh. A, Becker Declaration).  On September 25, 2007, the USPTO granted the request for re-examination (Doc. #909, Exh. B, Becker Declaration).  Even though Intermec had full knowledge of the USPTO proceedings, it did not seek a stay of the infringement action while the re-examination pended, nor did it inform the Court or Alien that the process was taking place.

Consequently, this Court held a <u>*Markman*</u> hearing from May 14-16, 2008 (Docs. #448, 449, & 451).  At the hearing, the parties asserted the dispute centered on the construction of two phrases: "remote object" and "upon receipt of said RF signal".  The CC Order construed these two disputed terms  (Doc. # 466, pp. 35-42). Following the entry of the CC Order, Intermec withdrew its infringement claim on the '807 patent, conceding that "as construed" the '807 Patent was not infringed, but reserving only its right to appeal the Court's claim construction  (Doc # 686).

On December 18, 2008, the USPTO mailed its Office Action on the *ex parte* re-examination (Doc. #909, Exh. C, Becker Declaration).   The USPTO determined claims one, four, five, and six are subject to re-examination; claims four, five, and six are patentable and/or confirmed; and claim one is rejected (Doc. #909, Exh. C, Becker Declaration).  The USPTO's basis for rejection of claim one was that it was anticipated by certain prior art references.

On January 23, 2009, Alien moved for summary judgment of non-infringement based on Intermec's withdrawal of its infringement contentions (Doc # 529).  Intermec did not oppose Alien's motion, although once again it reserved its right to appeal the CC Order  (Doc. #466).   The Court granted Alien's summary judgment motion on August 25, 2009 (Doc. # 793).

On April 16, 2010, Intermec informed the Court (and Alien) for the first time of the *ex parte*

re-examination proceedings regarding the '807 patent (Doc. #903).[1]  Intermec provided this information in anticipation of an upcoming status conference scheduled for April 19, 2010, which was scheduled to discuss issues unrelated to the '807 patent.  Id.  Intermec advised that the re-examination of the '807 patent was initiated in September of 2007, and that a re-examination certificate contradicting the Court's CC Order would be issued shortly (Doc. #903).  The USPTO issued the re-examination certificate on May 4, 2010, and Intermec filed it with the Court on May 26, 2010 (Doc. #909, Exh. G).  The certificate confirmed the patentability of claims four, five, and six, and cancelled claim one.  Id.

## ANALYSIS

Intermec seeks reconsideration of portions of the CC Order and summary judgment of non-infringement regarding the '807 patent.  Intermec contends the re-examination certificate constitutes "new and persuasive" evidence and "demonstrates the errors in the Court's CC Order" (Doc. #908, p. 14).  Intermec also contends the USPTO examiner's decision to cancel claim one is "binding on the Court."  Thus, Intermec asks the Court to reconsider its previous decisions to "harmonize" the Court's rulings with the USPTO's findings.  Id.

    **1.**    **Intermec Fails to Meet the Standard Warranting Reconsideration**

The "Federal Rules of Civil procedure do not mention motions for reconsideration." Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999).  When determining whether to reconsider a decision, the Eighth Circuit has found persuasive the standard applied in the Seventh Circuit:

> Motions for reconsideration serve a limited function: to correct

---

[1] The Court was aware of the USPTO proceedings regarding the '841 patent, but not the '807 patent.

> manifest errors of law or fact or to present newly discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce evidence that could have been adduced during the pendency of the summary judgment motion. The nonmovant has an affirmative duty to come forward to meet a properly supported motion for summary judgment. . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.

Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir 1988) (citations omitted). No Eighth Circuit case has defined "manifest error of law or fact"; however, the Seventh Circuit, the source from which the "manifest error" standard was taken, defines "manifest error" as "wholesale disregard, misapplication or failure to recognize controlling precedent on the part of the court." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000).

      The Court has carefully reviewed the CC Order, the arguments of the parties, and the actions taken by the USPTO. Despite Intermec's assertions to the contrary, it is apparent the parties have strikingly different interpretations of the meaning of the USPTO's actions and the application of the USPTO's re-examination certificate to the prior decisions of the Court. After a searching and careful review of the entire record, the Court finds no apparent wholesale disregard or misapplication of controlling precedent warranting reversal or amendment of the CC Order or Summary Judgment Order. Intermec's motion to reconsider is therefore without merit and is denied.

      A district court has broad discretion to reconsider its order granting summary judgment. Charter Communications Securties Litigation v. Scientific Atlanta, Inc., 443 F.3d 987, 993 (8th Cir. 2006). A motion "cannot be used to raise arguments which could have been raised prior to the issuance of judgment." Id. Importantly, a party cannot tender new legal theories in a motion for reconsideration. Alliance Communications Cooperative Inc. v. Global Crossing

Telecommunications, Inc. 690 F. Supp. 2d 900 (D.S.D. 2010) (citing Concordia College Corp. v. W.R. Grace & Co., 999 F.2d 326, 330 (8th Cir. 1993)). As a general principle, when a party had the opportunity to raise an argument prior to the grant of summary judgment, that party cannot use a reconsideration motion to raise the issue after being unsuccessful on the original motion. Id. To rule otherwise would leave summary judgment orders uncertain.

Intermec notes in its brief the Court failed to analyze or discuss the findings construing the '807 patent made by the Southern District Court of California two years earlier in Single Chip System Corp. v. Intermec IP Corp., No. 04-cv-1517 JAH(BLM)(Doc. 211)(S.D. Ca. April 18, 2006). (Doc. #908, p. 11). While it is true that neither the CC Order nor the Summary Judgment opinion expressly discusses the district court decision in Single Chip, a review of the record makes it plain that the case was raised, fully briefed by both parties and that Judge Webb necessarily considered both Intermec's arguments and the reasoning of Single Chip unpersuasive. In Charter Communications, the moving party also argued that the district court "overlooked or misapplied" decisions from district courts in other circuits. Id. The Eighth Circuit determined the refusal to reach a different result was not an abuse of its discretion. Thus, Intermec's assertions that the Court should follow or discuss another district court's findings which have no precedential value, is not an appropriate basis for reconsidering a decision that is over two years old.

Intermec argues this Court is obligated to follow the "findings" of the USPTO. Intermec asserts the USPTO examiner found the claims of the '807 patent were entitled to a broader scope than the Court's construction in its CC Order (Doc. # 908 at p. 10). Intermec believes the Court should apply the same claim construction principles as the USPTO (Doc. # 908, p. 14). Contrary to Intermec's assertions "the [USPTO] Board is *required* to use a *different* standard for construing

claims than that used by the district courts." In re American Academy of Science Tech Center, 367 F3d 1359, 1369 (Fed. Cir. 2004). "It would be inconsistent with the role assigned to the [US]PTO in issuing a patent to require it to interpret claims in the same manner as judges who, post issuance, operate under the assumption that the patent is valid." Id.

Though Intermec asserts that the standards for construction are "essentially" the same, the case law reveals a different approach. The USPTO has an obligation to give all patent claims their "broadest reasonable construction consistent with the specification." In re Suitco Surfaces, Inc., 603 F.3d 1374, 1379 (Fed. Cir. 1010); In re Zietz, 893 F.2d 319, 321 (Fed. Cir. 1989)(during patent examination the pending claims must be interpreted as broadly as their terms reasonably allow). Intermec's argument fails to take into account the different role that the USPTO plays in the administrative process. In the patent process the USPTO is making a determination of patentability. Once the claim is presented to the courts a very different issue is presented: in a case involving validity and infringement the court looks to the specification, the prosecution history, prior arts, and other claims in order to determine the proper construction of the claim language. Atlantic Thermoplastics Co. Fatex Corp., 970 F.2d 834, 846 (Fed. Cir. 1992). Thus, the USPTO's construction is merely one factor to be considered in the court's determination. The district court's ultimate inquiry is designed to make sure that the construction is the correct construction; i.e., that it construes the patent claims in a manner that "most naturally aligns with the patent's description of the invention." Phillips v. AWH Corp., 415 F.3d 1303, 1316 (Fed. Cir. 2005).

In the end, the term can be determined only with a "full understanding of what the inventors actually invented and intended to envelop within the claim." Id. The construction that stays true to the claim language and most naturally aligns with the patent's description of the invention will be,

in the end, the correct construction." Renishaw PLC v. Marposs Societa per Azioni, 158 F.3d 1243, 1250 (Fed. Cir. 1998). Assuming arguendo that the Court's construction of the claims is inconsistent with and different from the USPTO's construction, Intermec still fails to demonstrate that such construction constitutes a "manifest error of law or fact" warranting a change on the reconsideration motion. To the contrary, it appears that the claim construction handed down by Judge Webb is consistent with the evidence presented at the *Markman* hearing, that it is consistent with the established rules of claim construction, and that it represents a reasoned approach that gives "full understanding to what the inventors actually invented." Renishaw, 158 F.3d at 1250.

### 2. Intermec Has Failed to Act with "Due Diligence"

The rexamination of the '807 patent before the USPTO was an *ex parte* proceeding with participation by Intermec but not Alien. The Court and Alien were completely unaware of the ongoing proceedings before the USTPO. Intermec continued to litigate its claims before this Court while covertly participating in the re-examination process before the USPTO, effectively pursuing two tracks simultaneously. Intermec now seeks to bind this Court to determinations based on "new" evidence from the USPTO proceedings.

The USPTO issued its office action on the '807 patent on December 18, 2008. Intermec was aware of the proceeding for months and chose not to inform the Court until April 2010, over two years later. In fact, Intermec consented to the entry of summary judgment of non-infringement, stating in its brief that it "respectfully disagreed" with the Court's CC Order and that as construed summary judgment was proper (Doc. # 889 at p. 10-11).

More strikingly, in December 2009 Intermec indicated that the Court should enter summary judgment as to all patents except the '841 patent (Doc. # 889 at p. 10-11). At the time of this

consent, only Intermec knew of the re-examination of the '807 patent pending before the USPTO. Intermec has demonstrated a lack of diligence and candor by failing to disclose the re-examination and bringing the "new" evidence to the Court's attention. This is a sufficient basis for a denial of reconsideration. See United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (movant for reconsideration must show that it "exercised due diligence" to discover the new evidence).

Finally, even if the Court accepted that the re-examination certificate is "newly discovered" evidence and that Intermec acted diligently, the Court is of the opinion that the "findings" of the USPTO do not constitute persuasive and binding evidence of the meaning of the disputed terms warranting amendment or reversal of the CC Order or the Summary Judgment. Indeed the Court believes that even with the USPTO's most recent statements, Judge Webb's original CC Order represents a fair construction consistent with the evidence presented at the *Markman* hearing and that it represents a thoughtful and well-reasoned approach that gives "full understanding to what the inventors actually invented." Renishaw, 158 F.3d at 1250.

Additionally, even if the re-examination certificate could be construed as "new" evidence and Intermec acted diligently, according to this Court's review, the "findings" by the USPTO do not constitute persuasive and unbiased evidence of the meaning of the disputed terms warranting amendment or reversal of the Court's Orders.

## CONCLUSION

For the foregoing reasons, Intermec's motion for reconsideration is denied.

**IT IS SO ORDERED.** Dated this 15th day of December, 2010.

        /s/   Ralph R. Erickson
        Ralph R. Erickson, Chief District Judge
        United States District Court