# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Alien Technology, LLC, | ) |
| Plaintiff, | ) **PARTIAL FINAL JUDGMENT AND** |
| | ) **ORDER TO STAY** |
| vs. | ) |
| | ) Case No. 3:06-cv-051 |
| Intermec, Inc., Intermec Technologies | ) |
| Corporation, and Intermec IP Corp., | ) |
| Defendants - Counterclaimants. | ) |

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, as follows:

1. The Court enters partial final judgment in favor of Alien Technology, LLC ("Alien") on its claims for a declaration of non-infringement on United States Patent Nos 5,030,807 ("the '807 patent"); U.S. Patent 5,850,181 ("the '181 patent"); U.S. Patent 5,528,222 ("the '222 patent"); U.S. Patent 5,828,318 ("the '318 patent"); and U.S. Patent 6,812,852 ("the '852 patent"). The judgment is based on the Court's summary judgment orders at Docket Nos. 793, 803, 804, and 805.

2. In its discretion, the Court dismisses Alien's claims for a declaration of invalidity of the asserted claims of the '807, '181, '222, '318, and '852 patents, without prejudice to reassertion if the Court of Appeals for the Federal Circuit reverses or vacates this Court's summary judgmnet orders in whole or in part.

3. The Court dismisses Alien's claims for a declarations of invalidity and non-infringement of U.S. Patent 6,812,841 ("the '841 patent") and the counterclaim of Defendants Intermec, Inc., Intermec Technologies Corporations, and Intermec IP Corp.'s (collectively, "Intermec") for infringement of the '841 patent because those causes of action are moot in view of the United States Patent and Trademark Office's determination in an *inter partes* reexamination that all asserted claims of the '841 patent are unpatentable and Intermec's appeals as to that patent being exhausted.

1

4. The Court finds that there is no just reason for delay of entry of final, appealable judgment pursuant to Federal Rule of Civil Procedure 54(b) on the claims addressed in paragraph 1 above. Because an immediate appeal may provide a final resolution with respect to all the patent claims at issue in this litigation, entering partial final judgment under Rule 54(b) now may allow the parties to forego further litigation in this Court, while preserving their rights to later litigate and/or appeal issues as needed. Alien's claim that Intermec committed common-law fraud remains pending, but the Court find that the fraud claim issues are distinct and rely on fact and legal issues that have little overlap with the facts and legal issues that will be at issue on appeal from the judgment of non-infringement. The Court has previously dismissed Alien's unfair competition claim but has determined not to enter a Rule 54(b) partial final judgment as to that claim at this time because that claim, like Alien's fraud claim, is not closely related to the patent infringement issues on which the Court is entering a Rule 54(b) partial final judgment.

5. The stay of this litigation that is currently in effect shall remain in effect until any appeal by Intermec is finally resolved and until such time as the Court, on its own motion or upon motion of either party, enters an order lifting the stay.

6. The Court has not resolved any issues relating to remedies, including Alien's potential entitlement to costs or attorney's fees (whether under 35 U.S.C. § 285 or otherwise). The time limits to file a bill of costs or file a motion for attorney's fees shall not begin to run until such time as final judgment has been entered as to all claims, including the unresolved fraud claim.

7. The Clerk is directed to enter this judgment.

**IT IS SO ORDERED.**
Dated this 20th day of February, 2018.

                                              */s/ Daniel L. Hovland*
                                              Daniel L. Hovland, District Judge
                                              United States District Court